UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:21-cv-22489-KMM

MELISSA ROSS,

    Plaintiff,

v.

STATE OF FLORIDA,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

**THIS CAUSE** is before the Court on Defendant State of Florida's ("Defendant") Motion to Tax Costs (ECF No. 40). Plaintiff Melissa Ross ("Plaintiff") has filed a Notice Conceding Motion to Tax Costs (ECF No. 42), in which she avers that she does not intend to file any opposition to the Motion. The Motion was referred to the undersigned by the Honorable K. Michael Moore, United States District Judge, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, to take all necessary and proper action as required by law and/or to issue a Report and Recommendation. (ECF No. 41). Having considered the Motion, the supporting materials (ECF No. 40-1), the record as a whole, and being otherwise fully advised in the premises, the undersigned **RECOMMENDS** that the Motion be **GRANTED in part** as further set forth below.

**I.    BACKGROUND**

This is an action for damages and injunctive relief based on alleged violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 *et seq.*, brought by Plaintiff Melissa Ross

1

against her former employer.

Plaintiff commenced this action against the State of Florida and the Miami-Dade County State Attorney, Katherine Fernandez Rundle, on March 11, 2021 in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. Plaintiff amended her complaint on July 2, 2021 in state court to include claims arising under federal law. As a result, Defendants removed the action to this court on July 12, 2021, invoking the court's federal question jurisdiction, pursuant to 28 U.S.C. § 1331. Defendants moved to dismiss the Amended Complaint (ECF No. 7), and the court granted the motion (ECF No. 13), dismissing the Amended Complaint with leave to amend, and terminating Defendant Katherine Fernandez Rundle from this action. On November 1, 2021, Plaintiff filed her Second Amended Complaint, asserting a single claim for retaliatory termination under the FMLA (ECF No. 14).

Defendant State of Florida moved for summary judgment (ECF No. 20). The court granted the motion, finding that Plaintiff (1) failed to establish a *prima facie* case of FMLA retaliation because her intervening misconduct—violating her employer's policy on volunteer work and her purported dishonesty regarding the circumstances of her remote work conditions—negated any inference of causation, (*id.* at 8–9), and (2) failed to adduce any evidence that Defendant's proffered reason for her termination was pretextual, (*id.* at 10–13). The court subsequently entered Final Judgment in favor of Defendant (ECF No. 39). As the prevailing party, Defendant filed the instant Motion to Tax Costs (ECF No. 40), pursuant to 28 U.S.C. § 1920, Federal Rule of Civil Procedure 54(d), and Local Rule 7.3.

## II.    LEGAL STANDARD

Defendant, as the prevailing party, is entitled to recuperate costs associated with the litigation. Federal Rule of Civil Procedure 54(d)(1) allows prevailing parties to receive litigation

2

costs other than attorney's fees. There is a "strong presumption" in favor of awarding taxable costs to the prevailing party, which the challenging party has the burden to overcome. *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007). Pursuant to 28 U.S.C. § 1920, a district court may tax as costs: "(1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title."

"[A]bsent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in 28 U.S.C. § 1920." *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001) (citation omitted). "The party seeking costs bears the burden of submitting a request for expenses that enables the court to determine what expenses were incurred and whether those expenses meet the proof of necessity and reasonableness under 28 U.S.C. 1920." *Shave v. Stanford Fin. Grp., Inc.*, No. 07-60749-CIV, 2008 WL 3200705, at *4 (S.D. Fla. Aug. 6, 2008).

### III. DISCUSSION

Defendant seeks costs in the amount of $4,195.00, consisting of: (1) $180.00 in fees for service of subpoenas; (2) $3,649.00 for court reporter and transcription fees; and (3) $366.50 in exemplification costs. (ECF No. 40 at 1–2); (ECF No. 40-1 at 1, 3). Defendant has attached invoices in support of its request to tax costs. (ECF No. 40-1 at 4–13). The certificate of conferral filed by Defendant states that Plaintiff objected only to an award of exemplification costs in the amount of $366.50; however, as noted above, Plaintiff has now filed a Notice Conceding Motion

to Tax Costs, stating that she will not contest the award. (ECF No. 42).

### A. Service of Subpoenas

Defendant seeks $180.00 in fees for service of four subpoenas, consisting of: (1) the service of a subpoena on Citrus Network, Inc. Housing Program for $60.00; (2) the service of a subpoena on Transition, Inc. Volunteer Programs Office for $30.00; (3) the service of a subpoena on Palm Medical Center for $30.00; and (4) the service of a subpoena on Florida International University for $60.00. (ECF No. 40-1 at 4–7).

Under 28 U.S.C. §§ 1920 and 1921, private process server fees may be taxed so long as the taxable costs of the process server are limited to the statutory fees that § 1921(b) authorizes. *See EEOC v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000). Section 1921(b) states that the Attorney General shall prescribe the fees to be taxed and collected under subsection 1921(a). "Such fees shall, to the extent practicable, reflect the actual and reasonable cost of the service provided." 28 U.S.C. § 1921(b). Private process fees may be taxed but must not exceed the $65.00 amount charged by the U.S. Marshal, pursuant to 28 C.F.R. § 0.114. *See Brannon v. Finkelstein*, No. 10-61813-CIV, 2017 WL 1395171, at *13 (S.D. Fla. Feb. 1, 2017), *report and recommendation approved*, No. 10-61813-CV, 2017 WL 1452944 (S.D. Fla. Feb. 17, 2017).

The four submitted invoices confirm that Plaintiff seeks to recover no more than $60.00 per subpoena served—this amounts to $180.00 in fees for service of the subpoenas, which Plaintiff does not oppose. Accordingly, I recommend that Defendant's request for service of subpoena costs in the amount of $180.00 be granted.

### B. Deposition Transcripts

Defendant seeks $3,649.00 for court reporter and transcription fees. The costs for deposition transcripts are taxable under 28 U.S.C. § 1920(2) so long as the transcripts were

"necessarily obtained for use in the case." *E.E.O.C.*, 213 F.3d at 620–21.  In determining the necessity of a deposition, it must only appear to have been reasonably necessary at the time it was taken. *Id.* Additionally, "[b]ecause the parties presumably have equal knowledge of the basis for each deposition," the party who challenges the proposed costs "bears the burden of showing that specific deposition costs or a court reporter's fee was not necessary for use in the case or that the deposition was not related to an issue present in the case at the time of the deposition." *George v. Fla. Dep't of Corr.*, No. 07-80019-CIV, 2008 WL 2571348, at *5 (S.D. Fla. May 23, 2008).

Not all deposition costs, however, are recoverable.  Miscellaneous costs associated with deposition transcripts, such as shipping and handling, expedited delivery of transcripts, exhibit costs, or condensed transcripts, are not taxable because generally, they are incurred for convenience of counsel, as opposed to being necessarily obtained for use in the case. *See Watson v. Lake Cnty.*, 492 F. App'x 991, 997 (11th Cir. 2012) ("§ 1920 does not authorize recovery of costs for shipment of depositions"); *Garden-Aire Vill. S. Condo. Ass'n, Inc. v. QBE Ins. Corp.*, No. 10-61985-CIV, 2013 WL 12086655, at *2 (S.D. Fla. June 13, 2013).

As noted above, Plaintiff raises no challenge to the necessity of the three depositions for which costs are sought, and the necessity of the transcripts is facially evident in any event given that one of the depositions is for Plaintiff herself, another is for the member of Defendant's human resources team identified in the Second Amended Complaint who informed Plaintiff she was being let go, (ECF No. 14) ¶ 5, and all three depositions were referenced extensively in Defendant's Statement of Undisputed Facts in support of its Motion for Summary Judgment. *See generally* (ECF No. 19).

Included in Defendant's invoice for the deposition of Plaintiff, however, are charges for "Litigation Technology, Support and Security Management," "Transcript Handling &

5

Processing," and "Condensed Transcript," totaling $120.00. (ECF No. 40-1 at 8). Defendant offers no explanation for these charges, and thus the Court has no basis upon which to conclude that such delivery and handling, condensing of the transcript, and "Litigation Technology, Support and Security Management" was reasonably necessary to the litigation rather than requested for the convenience of counsel. Accordingly, the undersigned recommends that Defendant's request for $4,195.00 in total costs be reduced by $120.00.

Defendant's invoices further identify that the deposition transcripts for Jody Rivera and Lizette Soubal were expedited. (*Id.* at 10). The cost to expedite deposition transcripts is generally not taxable, but a prevailing party may tax the cost of expedited transcripts for depositions taken within thirty (30) days of the deadline to file dispositive pretrial motions, such as motions for summary judgment. *See Barrera v. Weiss & Woolrich S.*, 900 F. Supp. 2d 1328, 1335 (S.D. Fla. 2012); *see also Katz v. Chevaldina*, 127 F. Supp. 3d 1285, 1293 (S.D. Fla. 2015) ("The costs of expedited transcripts, however, can be reimbursed in certain cases where the expedited transcript was essential to the resolution of the case in favor of the prevailing party."). Here, Ms. Rivera's and Ms. Soubal's depositions were taken on January 19, 2022, and January 20, 2022, respectively, (ECF Nos. 18-4, 18-6); both were used in connection with Defendant's Motion for Summary Judgment filed two months later on March 18, 2022, (ECF No. 18), coinciding with the district court's deadline to file all pretrial motions, including motions for summary judgment, (ECF No. 11). While Ms. Soubal's and Ms. Rivera's deposition transcripts were ordered on March 7, 2022, (ECF No. 40-1 at 10), within thirty (30) days of the pretrial motion deadline, they were taken almost two months before that deadline. Thus, I find that Defendant may tax the cost of these transcripts, but not at the rate of $7.56 per page for expedited transcripts. Defendant has not provided the Court with the ordinary rate for non-expedited transcripts.

6

Accordingly, I recommend that the district court apply the ordinary transcript rate of $4.02 per page, as used in CJA cases,[1] such that Defendant's request for $4,195.00 in total costs be further reduced by $541.62.[2]

**C.      Exemplification Costs**

Defendant seeks $366.50 in exemplification costs, consisting of: (1) a $6.50 fee for Plaintiff's records from Palm Medical Centers; (2) a $10.00 public records request fee from the City of Miami Police Department; and (3) a $350.00 fee for copies of Plaintiff's records from Citrus Health Networks, Inc. (ECF No. 40-1 at 11–13). Plaintiff initially opposed the request as the materials obtained were not necessary or used in this case, *see* (ECF No. 40 at 2), but has since filed her Notice Conceding Motion to Tax Cost (ECF No. 42).

The cost of copying records is recoverable if "the prevailing party could have reasonably believed that it was necessary to copy the papers at issue." *E.E.O.C.*, 213 F.3d at 623 ("Copies attributable to discovery" are a category of copies recoverable under § 1920(4)."); *see also* 28 U.S.C. § 1920(4). Here, copies of the records that were obtained include Plaintiff's medical records from Citrus Health Networks, Inc. and Palm Medical Centers. (ECF No. 40-1 at 11, 13). I find that Defendant could have reasonably believed that it was necessary to obtain copies of these records for use in this case, especially where Defendant's Statement of Undisputed Facts references Plaintiff's prior requests for FMLA leave for self-care. *See* (ECF No. 19 ¶¶ 9–10). I further find that the $10.00 public records request fee from the City of Miami Police Department is recoverable. *See* Fed. R. Evid. 609.

---

[1] *See* https://www.flsd.uscourts.gov/transcript-rate-schedule.
[2] This amount represents the difference between the invoiced cost of $1,156.68 for the two depositions, and the reduced cost of $615.06 applying a rate of $4.02 per page (66 pages at $4.02 per page for Ms. Rivera's deposition plus 87 pages at $4.02 per page for Ms. Soubal's deposition).

7

Accordingly, I recommend that Defendant be permitted to recover $366.50 in exemplification costs as requested.

### D. RECOMMENDATION

For the foregoing reasons, the undersigned **RECOMMENDS** that Defendant State of Florida's Motion to Tax Costs (ECF No. 40) be **GRANTED in part**, and that Defendant be awarded a total of **$3,533.38** in taxable costs, representing total costs of $4,195.00 reduced by $120.00 in unrecoverable costs associated with Plaintiff's deposition, further reduced by $541.62 for unrecoverable costs associated with expediting the deposition transcripts of Ms. Rivera and Ms. Soubal.

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable K. Michael Moore, United States District Judge, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida this 6th day of September, 2022.

LAUREN LOUIS
UNITED STATES MAGISTRATE JUDGE

cc: Honorable K. Michael Moore
Counsel of Record